NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 12, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-2889

| | |
|---|---|
| MICHAEL G. HEARN | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-1235 |
| | |
| ELDON KENNELL, et al., | Harold A. Baker, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Michael Hearn, a Muslim inmate at Pontiac Correctional Center, brought this action for damages under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, against employees of the Illinois Department of Corrections in their individual capacities. Hearn claimed that the defendants violated his rights to exercise his religion under the First Amendment and RLUIPA by restricting his ability to wear his kufi (a skullcap), preventing him from buying oils for use in a purification ritual,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and denying him a diet that includes Halal-certified meat. Hearn also claimed that the defendants violated the Equal Protection Clause by providing Kosher-certified meat to Jewish inmates while denying him Halal meat. The district court granted summary judgment to the defendants. Hearn appeals.

Hearn's First Amendment and RLUIPA claims fall away quickly. Hearn does not challenge the district court's judgment regarding his First Amendment claims and has therefore waived any argument about them. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 312 (7th Cir. 2010); *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009). And because RLUIPA does not authorize damages suits against state officials in their individual capacities, his claims under that statute are foreclosed. *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009).

Hearn contends that the district court "misconstrued" his Equal Protection claim, and draws attention to what he believes are three mistakes in the court's opinion. First he asserts that the court focused on vegetarian meals at the expense of his actual claim that Jewish prisoners are given Kosher meat, but he is not given Halal meat. Hearn also argues that the court erred in concluding that he is not similarly situated to the Jewish inmates who receive Kosher meat; like the Jewish inmates, Hearn contends, he is a member of a protected class whose religion requires a modified diet. Finally, Hearn disputes the court's finding that there was no evidence in the record to show that Islam requires him to have Halal meat; he points to his own affidavit and that of another Muslim prisoner at Pontiac.

But whatever the merits of those arguments, Hearn cannot salvage his Equal Protection claim, which requires evidence—not found in this record—that prison officials intended to discriminate against him because of his religion. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009); *Dunn v. Washington Cnty. Hosp.*, 429 F.3d 689, 692 (7th Cir. 2006); *Patel v. Bureau of Prisons*, 515 F.3d 807, 816 (8th Cir. 2008). Indeed, the only evidence of the purpose behind the prison's policy is an affidavit from the prison dietary manager, who said that "budgetary restraints" prevent the prison from serving Halal meat. Hearn argues in his reply brief that the dietary manager's affidavit cannot be evidence because it is conclusory, without detailed findings about the cost of serving Halal meat. *See Shakur v. Schriro*, 514 F.3d 878, 887, 891 (9th Cir. 2008). Yet even if he is correct, summary judgment was proper because Hearn has put forth no evidence that the prison's decision to serve kosher meat but not halal meat was motivated by intentional or purposeful discrimination. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir. 2011); *Patel*, 515 F.3d at 816.

We AFFIRM the judgment of the district court.